PETER C. ANDERSON
UNITED STATES TRUSTEE
TERRI H. DIDION, CA SBN 133491
ASSISTANT UNITED STATES TRUSTEE
JARED A. DAY, CA SBN 275687
TRIAL ATTORNEY
**UNITED STATES DEPARTMENT OF JUSTICE**
OFFICE OF THE UNITED STATES TRUSTEE
300 Las Vegas Boulevard South, Suite 4300
Las Vegas, Nevada 89101
Telephone: (775) 784-5530
E-mail: *jared.a.day@usdoj.gov*

Attorneys United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>SHANA DAWN DAVIS,<br><br>                Debtor. | Case No: 24-12632-nmc<br><br>Chapter 11<br><br>Hearing Date: November 13, 2025<br>Hearing Time: 9:30 a.m. |

**MOTION OF THE UNITED STATES TRUSTEE UNDER 11 U.S.C. § 1112(b)
AND FEDERAL RULES OF BANKRUPTCY PROCEDURE
1017(f) AND 9014 TO DISMISS OR CONVERT CHAPTER 11 CASE**

Peter C. Anderson, United States Trustee for Region 17 ("United States Trustee"), by and through his undersigned counsel, hereby files this *Motion of the United States Trustee Under 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014 to Dismiss or Convert Chapter 11 Case* ("Motion").[1]

/ / /

---

[1] Hereafter, all references to "section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated. All references to "Fed. R. Bankr. P." are to the Federal Rules of Bankruptcy Procedure.

-1-

**INTRODUCTION**

"Cause" exists to dismiss this chapter 11 case or convert it to chapter 7 for several reasons. First, Debtor's monthly operating reports ("MORs") filed in this case demonstrate gross mismanagement of the estate, including underreported receipts and disbursements, excessive and unreasonable expenditures for entertainment, restaurants, hotels/resorts, and luxury retail items along with the use of non-debtor financial accounts for estate activity. Second, Debtor has failed to file her MORs for the months of March 2025 and July 2025, thereby preventing the United States Trustee, creditors, and other parties in interest from accurately assessing Debtor's disbursements and financial condition. And third, Debtor has failed to expeditiously prosecute this case, which has been pending for over 16 months without seeking confirmation of a plan that was filed over six months ago. For these reasons, the United States Trustee has established cause to dismiss or convert this case under sections 1112(b)(4)(B), (F), and other unenumerated reasons.

This Motion is based on the entire record in this case, the following memorandum of points and authorities, and the Declaration of United States Trustee Bankruptcy Auditor Bryan Coleman ("Coleman Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    BACKGROUND FACTS AND PROCEDURAL POSTURE**

1.    On May 28, 2024, Debtor Shana Dawn Davis ("Debtor") filed a voluntary chapter 11 petition ("Petition"). *See* ECF No. 1.

2.      Debtor's general bankruptcy counsel is Matthew I. Knepper of Nevada Bankruptcy Attorneys, LLC.  *See* ECF Docket *generally*.  The associated employment application was approved by the Court on August 27, 2024.[2]  *Id.*

3.      This case is not designated as a small business case, but the United States Trustee has not appointed an official committee of unsecured creditors due to a lack of sufficient interest. *Id.*

4.      Debtor filed her required bankruptcy schedules and statements on May 28, 2024 with the Petition.  *See* ECF No. 1.  Since that time, Debtor has filed various amendments thereto.  *See* ECF Docket generally.

5.      On her most recent amended Schedule A/B filed on July 10, 2024, Debtor lists an interest in a real property primary residence located at 1811 Langley Estates Drive, Las Vegas, NV 89117 with a scheduled value of $1,204,400, which is held in a trust.  *See* ECF No. 14. Debtor also scheduled various items of personal property, including two vehicles—a 2021 Cadillac Escalade valued at $62,617 (with $3,331 in equity) and a 2019 BMW I-8 with a scheduled value of $69,000 (and no equity); a 2022 Honda Quad ATV; and various household goods and furnishings, including electronics, firearms, clothing, jewelry, nominal financial assets, insurance policies, and a TEAP grant.  *Id.*  In addition, Debtor scheduled several 100 percent interests in the following businesses: LV Dog, Inc.; LV II Properties, LLC; Number 1 Escape Room, Inc. fka Break Out Las Vegas, Inc.; Second Chance Rescue, and Shana D. Davis LLC.  *Id.*

---

[2] Due to an oversight, Debtor's general bankruptcy counsel did not upload the proposed retention order until well after the August 27, 2024 hearing.  *See* ECF No. 68.

6. Most of Debtor's property interests with known scheduled values either have no equity according to amended Schedule D or are claimed exempt on Debtor's most recent amended Schedule C. *Id.*; *see also* ECF No. 33.

7. Debtor scheduled no priority debt and $3,153,060.80 in general unsecured claims on amended Schedule E/F, the bulk of which are personal guarantees related to three separate SBA EIDLs provided to Debtor's various businesses. *See* ECF No. 33.

8. According to Debtor's most recent amended Schedule I, Debtor works as a self-employed business owner of her three business that are still in operation: LV Dog, Inc.; Number 1 Escape Room, Inc.; and LV II Properties, LLC, earning gross monthly business income of approximately $62,474.16.[3] *See* ECF No. 47. Debtor's amended Schedule I reflects no other current sources of income. *Id.*

9. Debtor's most recent amended Schedule J reflects three minor children and significant monthly expenditures, which include both household expenses and various monthly outlays associated with Debtor's business operations. *Id.*; *see also* FN 3, hereto.

10. The meeting of creditors under 11 U.S.C. § 341(a) was conducted on June 27, 2024 and continued to July 11, 2024 wherein it was concluded. *See* ECF Nos. 4, 12, *and* 16.

11. Based on the United States Trustee's review of Debtor's filed MORs, Debtor has underreported her receipts by $74,003.72 and her disbursements by $74,274.67 in the aggregate. *See* Coleman Decl. Most of Debtor's disbursements are related to entertainment, restaurant, hotel/resort, and luxury retail expenditures in and around the Las Vegas casino industry. *Id.* This includes luxury items at Christian Louboutin, Armani, Versace, and other high-end retailers

---

[3] Although Schedule I calls for a debtor's "net" self-employed business income, Debtor did not list any monthly expenses on the associated profit and loss statements for her three operating businesses that are attached to amended Schedule I. *See* ECF No. 47. Instead, Debtor's monthly self-employed business expenses appear to be reflected on amended Schedule J. *Id.*

-4-

along with significant private tuition for Debtor's minor children. *Id.* For example, since filing, Debtor's spending includes:

    a.    June 2024 - total of $12,875.09 was charged with Air BnB, including $5,924.14 on June 13, 2024 alone.
    b.    July 1, 2024 - $2,124.96 was spent at Versace and two other clothing retailers.
    c.    July 22, 2024 - total of $9,566.37 over 22 transactions on luxury clothing, event tickets, resort hotels, airfare, and other retail.
    d.    Between October 7 and November 6, 2024 - $3,894 was charged with a Las Vegas limousine service.
    e.    Between November 18 and November 22, 2024 - total of $9,459.57 was charged over 59 transactions on luxury clothing, resort hotels, beauty products, and other retail.
    f.    May 2, 2025 - purchase of $1,403.45 at Christian Louboutin.
    g.    Between June 16 and June 23, 2025 - total of $10,891.92 over 56 transactions for clothing, accessories, beauty, travel and other retail. This includes spending at Las Vegas hotel resorts including The Venetian and Resorts World as well as spas, clothing, beauty products, and a cosmetic surgeon.

*Id.*

12. Moreover, Debtor's bank statements reflect payments to an undisclosed account through Cash App along with significant other peer-to peer transactions averaging $8,635.10 monthly using Zelle, PayPal, and Apple Cash. *Id.* This is in addition to significant account withdrawals that average $11,280.92 monthly. *Id.*

13. Debtor has failed to file her MORs for the months of March 2025 and July 2025, leaving the United States Trustee, creditors, and parties in interest unable to determine Debtor's financial condition or disbursements with accuracy. *See* Coleman Decl.; *see also* ECF Docket *generally*.

14. On March 20, 2025, Debtor filed a disclosure statement and plan and even obtained approval of the disclosure statement during the attendant May 6, 2025 hearing. *See* ECF Nos. 60 *and* 61. However, it does not appear that Debtor has uploaded associated proposed

order.  *See* ECF Docket *generally*.  In addition, Debtor has not taken any further steps towards seeking confirmation of her pending plan of reorganization to date.  *Id.*

## II. JURISDICTION AND VENUE

15. The Bankruptcy Court has jurisdiction over this bankruptcy case under 28 U.S.C. §§ 1334(a), 1334, and 157(b).

16. The United States Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

17. The United States Trustee has standing to prosecute this Motion under 11 U.S.C. §§ 307 and 1112, along with Fed. R. Bankr. P. 1017 and 9014.

18. Venue of this case and the contested matter presented by the Motion are proper in this district under 28 U.S.C. §§ 1408 and 1409.

## III. ARGUMENT

19. 11 U.S.C. § 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

20. Section 1112(b) includes a non-exclusive list of what constitutes "cause," and the court may "consider other factors as they arise, and [] use its equitable power to reach the appropriate result . . . ." *In re Consol. Pioneer Mortg. Entities*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) aff'd, 264 F.3d 803 (9th Cir. 2001).  The list of examples of "cause" in section 1112(b) "is non-exhaustive and the Bankruptcy Court ha[s] discretion to also consider case-specific factors in its analysis." *In re Saber*, 527 F. Supp. 3d 1196, 1199 (C.D. Cal. 2021). *See*

*also In re Consol. Pioneer Mortg. Entities*, 248 B.R. at 375 (noting that "[a] bankruptcy court is given wide discretion to convert a chapter 11 case to chapter 7 for 'cause'").

21. As movant, the United States Trustee bears the burden of establishing by a preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be converted or dismissed even at its outset. *Johnston v. Jem Dev. Co. (In re Johnston)*, 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether conversion or dismissal is in the best interests of creditors and the estate, and (2) identify whether there are unusual circumstances that establish that conversion or dismissal is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

    **A.**     **Cause Exists Under 11 U.S.C. § 1112(b)(4)(B) Due to Debtor's Gross Mismanagement of the Estate.**

22. Section 1112(b)(4)(B) provides that a case may be dismissed or converted due to a debtor's "gross mismanagement of the estate." *See* 11 U.S.C. § 1112(b)(4)(B). A debtor in possession's responsibility to manage the estate arises from its fiduciary duty and obligation owed to all of its creditors and parties-in-interest. *See, e.g., Wolf v. Weinstein*, 372 U.S. 633, 649 (1963) ("[s]o long as the [d]ebtor remains in possession, it is clear that the corporation bears essentially the same fiduciary obligations to the creditors as does the trustee for the [d]ebtor out of possession"); *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985) (stating that the willingness to leave debtors in possession is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibility of a trustee). "A debtor in possession's responsibility to manage the estate arises from its

fiduciary duty to its creditors … Bankruptcy courts have found a wide variety of conduct can establish gross mismanagement." *In re Hoyle*, 2013 WL 210254, * 20 (Bankr. D. Idaho 2013).

23.     Gross mismanagement of the estate under 11 U.S.C. § 112(b)(4)(B) typically focuses on how a debtor has managed the estate's assets or business during the pendency of the bankruptcy proceeding, and how a debtor has reported and handled, post-petition, income and expenses derived from the assets/business. *See Grego v. U.S. Trustee (In re Grego)*, 2015 Bankr. LEXIS 1792 at *12-14 (B.A.P. 9th Cir. May 29, 2015) (collecting cases).

24.     Here, the expenditures reflected in Debtor's MORs exhibit gross management of the estate. For example, Debtor has underreported her receipts by $74,003.72 and her disbursements by $74,274.67 in the aggregate. *See* Coleman Decl. Most of Debtor's disbursements are related to entertainment, restaurant, hotel/resort, and luxury retail expenditures in and around the Las Vegas casino industry and include 4,242 separate transactions (*i.e.*, an average of 350 monthly) on luxury items at Christian Louboutin, Armani, Versace, and other high-end retailers. *Id.*

25.     In addition, Debtor's bank statements reflect payments to an undisclosed account through Cash App along with significant other peer-to peer transactions averaging $11,280.92 monthly using Zelle, PayPal, and Apple Cash. *Id.*

26.     Therefore, the United States Trustee has established sufficient cause to dismiss or convert this case under section 1112(b)(4)(B).

**B.     Cause Exists Under 11 U.S.C. § 1112(b)(4)(F) Because Debtor Has Failed to Timely File Her MORs for the Months of March 2025 and July 2025.**

27.     "Cause," as used in section 1112(b)(1), is defined in pertinent portions of section 1112(b)(4) as follows:

> For purposes of this subsection, the term 'cause' includes—
> . . .

>  (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>  . . .

11 U.S.C. §§ 1112(b)(1) and (b)(4)(F).

28. Here, it is undisputed that Debtor has failed to timely file her MORs for the months of March 2025 and July 2025. *See* Coleman Decl.; *see also* ECF Docket *generally*. The timely filing of MORs is required by the Bankruptcy Court and Rules, as well as applicable United States Trustee Guidelines.[4] As other Courts have held, monthly reports and the financial disclosures contained in them "are the life blood of the chapter 11 process" and are more than "mere busy work." *YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC)*, 505 B.R. 289, 303 (S.D. Cal. 2014) (citation omitted). *See also In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (citation omitted).

29. Even if Debtor were to now bring her MORs current by filing the elinquent operating reports, the delay in filing would itself constitute cause to dismiss or convert this case under section 1112(b).[5] Cause, as defined in section 1112(b), includes the "unexcused failure to

---

[4] The applicable United States Trustee Guidelines ("Guidelines") provide that each chapter 11 Debtor "shall file with the court and contemporaneously serve on the United States Trustee a report for every calendar month or portion thereof during which the case is pending." *See* Region 17: United States Trustee Guidelines, available at https://www.justice.gov/ust/ust-regions-r17/region-17-general-information#nvr. The Guidelines also require debtors to file each operating report "on or before the 20th day of the month immediately following the month described in the report." *Id. See also In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) ("[t]he UST is charged with supervising the administration of chapter 11 cases, including a debtor's performance of its statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To perform this role, the UST has adopted reporting requirements embodied in its guidelines, which a debtor-in-possession is required to fulfill"). In addition, Fed. R. Bankr. P. 2015(a)(2) and (3) require the filing of periodic reports as the United States Trustee requires.

[5] Given Debtor's failure to file the operating reports, the United States Trustee reserves his rights to supplement his Motion in the event that Debtor tardily files a report that supports cause for conversion or dismissal under section 1112(b)(4)(A).

satisfy *timely* any filing or reporting requirement." 11 U.S.C. § 1112(b)(4)(F) (emphasis added). *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (finding cause to dismiss or convert under section 1112(b) where debtor filed multiple MORs "in a single batch, weeks or months late").

30. Accordingly, cause exists to dismiss or convert this case under section 1112(b)(4)(F).

C. **Cause Exists Under 11 U.S.C. § 1112(b)(4) Because Debtor Has Failed to Expeditiously Prosecute This Bankruptcy Case.**

31. Cause to dismiss or convert a chapter 11 case also includes a debtor's failure to expeditiously prosecute the case. *In re Babayoff*, 445 B.R. at 79 (holding that because "[a] debtor's failure to make meaningful and substantive progress toward the confirmation of a plan…is nearly always prejudicial to creditors[,]…a debtor cannot wallow in chapter 11") (quotations and citations omitted); *In re Milford Connecticut Assocs.*, 389 B.R. 303, 309 (Bankr. D. Conn. 2008) ("chapter 11 debtors cannot 'have their cake and eat it too'; the extraordinary relief provided by the bankruptcy laws comes with a price…includ[ing] the responsibility to pursue an open and expeditious reorganization."); *In re Van Brunt*, 46 B.R. 29, 30 (Bankr. W.D. Wisc. 1984) ("[t]he chapter 11 debtor is a fiduciary of his creditors…and is obligated to prosecute his bankruptcy proceeding in an expeditious manner") (citations omitted).

32. This case has been pending for over 16 months. *See* ECF Docket *generally*. Although Debtor filed a disclosure statement and plan on March 20, 2025 and even obtained approval of the disclosure statement during the attendant May 6, 2025 hearing, it does not appear that Debtor has uploaded the associated proposed order. *See* ECF Nos. 60 *and* 61; *see also* ECF Docket *generally*. In addition, Debtor has not taken any further steps towards seeking confirmation of her pending plan of reorganization to date. *Id.*

33. Debtor's failure to expeditiously prosecute this case constitutes cause to dismiss or convert within the meaning of Sections 1112(b)(1) and 1112(b)(4). Accordingly, the Court should grant the relief requested in the Motion and enter an order dismissing the case or converting it to one under chapter 7.

### D. Once Cause is Established, Debtor Has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).

34. Once "cause" is established, the burden then shifts to the debtor to demonstrate that section 1112(b)(2) precludes relief under section 1112(b)(1). *In re Sanders,* 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. April 11, 2013).

35. The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. § 1112(b)(1). For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren),* 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015). As noted, the debtor bears the burden of proving that unusual circumstances are present in the case that render dismissal or conversion not in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

36. In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in section 1112(b)(2)(A)–(b)(2)(B). Section 1112(b)(2) provides:

> . . . *and* the debtor or any other party in interest establishes that–

>  (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; _and_
>  (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
>> (I) for which there exists a reasonable justification for the act or omission; _and_
>> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

37. Importantly, Debtor must establish all of the statutory elements set forth under section 1112(b)(2) because the statute is written in the conjunctive. *In re Marciano*, 459 B.R. 27 (B.A.P. 9th Cir. 2011); *In re Baroni*, 36 F.4th 958 (9th Cir. 2022).

38. Here, the "unusual circumstances" exception does not apply where cause is established under section 1112(b)(4)(A). *See* 11 U.S.C. § 1112(b)(2)(B). In addition, the record does not disclose any unusual circumstances that would establish justification against granting the section 1112(b)(4)(F) and (K) relief requested in the Motion.

**Conversion Appears to Be the Appropriate Remedy in This Case.**

39. In deciding on whether dismissal or conversion of a chapter 11 case to a case under chapter 7 is in the best interests of a debtor's creditors and bankruptcy estate, courts generally look to and apply a series of factors in determining which form of relief under section 1112(b)(1) is appropriate once cause for relief has been established:

> a. Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.
>
> b. Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.
>
> c. Whether the debtor would simply file a further case upon dismissal.

-12-

|   |   |   |
|---|---|---|
| d. | | The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors. |
| e. | | In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise. |
| f. | | Whether any remaining issues would be better resolved outside the bankruptcy forum. |
| g. | | Whether the estate consists of a "single asset." |
| h. | | Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests. |
| i. | | Whether a plan has been confirmed and whether any property remains in the estate to be administered. |
| j. | | Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns. |

*See Rand v. Porsche Fin. Servs.*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)).

40.     Conversion of this case is the appropriate remedy for several reasons. First, although most of Debtor's scheduled assets appear to either have no equity or are claimed exempt on amended Schedule C, it would still be beneficial for a chapter 7 trustee to investigate those assets that do not have a scheduled value such as Debtor's various business interests along with the propriety of Debtor's purported exemptions. Second, it appears that both Debtor's prepetition and postpetition financial activity and transfers should be reviewed by a chapter 7 trustee for possible avoidance actions for the benefit Debtor's unsecured creditors. In addition, creditors and other parties in interest should also have an opportunity to review Debtor's extraordinarily irregular financial transactions.

41. In the alternative, the United States Trustee does not object to the Court dismissing the case if the Court ultimately determines that such relief is in the best interests of Debtor's creditors and the estate.

### IV. CONCLUSION

WHEREFORE, the United States Trustee requests that the Court enter an order (a) granting the Motion; (b) converting this chapter 11 case to chapter 7, or in the alternative, dismissing the case, if the Court ultimately determines that such relief is in the best interests of Debtor's creditors and the estate; and (c) granting such other relief as is just under the circumstances.

Date: October 1, 2025              Respectfully Submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

By:   /s/ Jared A. Day
      Jared A. Day, Esq.
      Trial Attorney for the United States Trustee

## CERTIFICATE OF SERVICE

I, ANABEL ABAD SANTOS, under penalty of perjury declare: That declarant is, and was when the herein described service took place, a citizen of the United States, over 18 years of age, and not a party to nor interested in, the within action; that on October 1, 2025, I caused a copy of the foregoing

**MOTION OF THE UNITED STATES TRUSTEE UNDER 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014 TO DISMISS OR CONVERT CHAPTER 11 CASE**

to be served on the following parties:

☑    a. ECF System (attach Notice of Electronic Filing or list of persons and addresses):

- **OGONNA M. BROWN**    Ogonna.Brown@wbd-us.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;klopez@lewisroca.com,Renee.Creswell@wbd-us.com
- **CHAPTER 11 - LV**    USTPRegion17.lv.ecf@usdoj.gov
- **MATTHEW I KNEPPER**    mknepper@nvbankruptcyattorneys.com, ecf@nvbankruptcyattorneys.com;fhqxmnna@mailparser.io;NevadaBankruptcyAttorneysLLC@jubileebk.net;Knepper.MatthewB146287@notify.bestcase.com;lu@nvbankruptcyattorneys.com;matthew.knepper@ecf.courtdrive.com;8076479420@filing
- **SHAWN W MILLER**    ecfnvb@aldridgepite.com, shawnmiller@ecf.courtdrive.com;shawnmiller@aldridgepite.com
- **U.S. TRUSTEE - LV - 11**    USTPRegion17.lv.ecf@usdoj.gov
- **RYAN J. WORKS**    rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

I declare under penalty of perjury that the foregoing is true and correct.

Signed: October 1, 2025

*/s/ Anabel Abad Santos*
Anabel Abad Santos